1808.
JUNE

Levering
vs
Bond's Adm'r

LEVERING VS. BOND'S Adm'r.

APPEAL from the General Court. This was an action of *Trover*, brought by the appellee. The plaintiff, at the trial at May term, 1805, read in evidence a *receipt* from the defendant, and one *Lemmon*, since deceased, and whom the defendant has survived, in the following words: "*Baltimore*, 27th Nov. Received from Mr. *Robert Spedding*, for account of Mr. *William S. Bond*, eleven hundred and thirty bushels of corn.

*Lemmon & Levering*."

In an action of trover for corn placed in the warehouse of the defendants on storage, and which they refused to deliver, but claimed to retain it for the payment of a debt due to them from the plaintiff for articles sold and delivered—*Held*, that as there was no evidence that the corn was delivered to be applied by them to the discharge of the debt due by the plaintiff to them, or was placed in their hands as factors, with authority to sell the same, the plaintiff was entitled to recover

He also gave in evidence, by the testimony of *Robert Spedding*, the person by whom the corn in the receipt mentioned was delivered, that the delivery was made the 27th of November 1798, that the corn was the property of *William S. Bond*, the plaintiff's intestate, by whom it was delivered to the witness, to be sold for the use of *Bond*; but without any orders or authority to place it in the hands of any other person for sale, in case he could not dispose of it himself. That not being able to sell the corn, he placed it in the warehouse of *Lemmon & Levering*, who were in the habit of receiving produce on storage, but made no particular agreement with them relative to the amount of storage to be paid, and gave them no orders or authority to sell or dispose of the corn. He also gave in evidence, that within a few days after the date of the receipt, and some time in the month of November or December 1798, *Bond* sent a person to demand the corn from *Lemmon & Levering*, in his name, who made the demand accordingly, and informed *Lemmon & Levering* that he was ready to pay the storage, as soon as the corn should be delivered. But that *Lemmon & Levering* refused to deliver it, declaring that they would retain it for the payment of a debt due them by *Bond*. The defendant then read in evidence an *account*, which was admitted in evidence by the plaintiff, for sundry articles sold and delivered by *Lemmon & Levering* to *Bond* and one *Airs*, in which account the corn is credited, and leaving a balance due from *Bond & Airs*, to *Lemmon & Levering*, of £13 9 3. He also gave in evidence, that *Airs*, in the account mentioned, had departed this life before the time of delivering the corn, and that *Bond* was then indebted to *Lemmon & Levering* in the sum of £917 13 4, as by the

account stated. The defendant then prayed the opinion of the court, and their direction to the jury, that if they shall be of opinion, from the evidence, and all the circumstances in proof, that the corn was delivered to *Lemmon & Levering*, to be applied by them to the credit of *Bond*, on account of the debt due from him to them, or was placed in their hands with authority to sell it as factors, that then, in either of the said cases, the plaintiff is not entitled to recover.

CHASE, Ch. J. The court are of opinion, that there is no legal evidence, from which the jury can find that the corn was delivered to *Lemmon & Levering* to be applied by them on account of *Bond* to the discharge of the debt due from him to them, or was placed in their hands as factors with authority to sell the same. The court therefore refuse to give the direction prayed. The defendant excepted; and the verdict and judgment being for the plaintiff, the defendant appealed to this court.

The case was argued before TILGHMAN, BUCHANAN, NICHOLSON and GANTT, J. by

*Harper*, for the Appellant; and by
*Martin* and *Key*, for the Appellee.

JUDGMENT AFFIRMED.